# United States District Court
# Central District of California

| | |
|---|---|
| FLORSTAN ZHUR; HELWA HAMAYEL; EYAD HAMAYEL; EMAN HAMAYEL; ATTIA HAMAYEL,<br><br>             Plaintiffs,<br>     v.<br>DONALD NEUFELD, Associate Director for Service Center Operations for United States Citizenship and Immigration Services; LEE CISSNA, Director of United States Citizenship and Immigration Services; ELAIN DUKE, Acting Direction[sic] of the Department of Homeland Security; MIKE POMPEO[1], Secretary of the United States Department of State,<br>             Defendants. | Case № 2:17-cv-09203-ODW (JCx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AS UNOPPOSED [23]** |

///

///

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mike Pompeo, Secretary of State, is substituted for former Acting Secretary of State John J. Sullivan.

## I. INTRODUCTION & PROCEDURAL HISTORY

Plaintiffs Florstan Zhur, Helwa Hamayel, Eyad Hamayel, Eman Hamayel, and Attia Hamayel ("Plaintiffs") filed this action against Defendants Donald Neufeld, Lee Cissna, Elaine Duke, and Mike Pompeo ("Defendants"), on December 26, 2017. (ECF No. 1.) On May 8, 2018, Defendants filed and served their Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 23.) The Motion is scheduled to be heard on June 18, 2018. (*See id.*) Pursuant to Local Rules 7-9 and 7-10, Plaintiffs' Opposition was due to be filed on May 25, 2018, and any Reply was due to be filed on June 4, 2018. Plaintiffs have not filed an Opposition to Defendants' Motion to Dismiss.

## II. PLAINTIFFS' FAILURE TO OPPOSE WARRANTS DISMISSAL

Central District Local Rule 7-12 allows the Court to grant motions as unopposed in the event that a party does not respond. C.D. Cal. L.R. 7-12 ("The failure to file [a responsive document] may be deemed consent to the granting or denial of the motion…."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal on the basis of unopposed motion pursuant to local rule). In determining whether to grant an unopposed motion, courts weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor always weighs against dismissal).

Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice. Plaintiffs had notice of Defendants' Motion to Dismiss, yet failed to oppose it. Further, Plaintiffs have not

provided any excuse for failing to oppose the motions, or sought an extension. The Court's need to manage its docket favors granting the Defendants' Motion to Dismiss, as unopposed.

The third factor addresses the potential risk of prejudice to Defendants. Here, the risk of prejudice to Defendants is slight. If, after the Court grants the Motion, Plaintiffs do not seek reconsideration or other relief, then their case will have been dismissed. In the event that they do seek reconsideration, and the Court grants it, the Defendants may simply refile the motions they have already prepared.

As for the availability of less drastic sanctions, Plaintiffs' failure to oppose the motions to dismiss demonstrates that Plaintiffs are not interested in prosecuting this action. *See Rodriguez v. Nationstar Mortg. LLC*, No. 2:16-CV-5962-ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016) ("Where the Plaintiff does not oppose dismissal, it is unnecessary for the Court to consider less drastic alternatives."); *see also Ghazali*, 46 F.3d at 53. Plaintiffs are represented by counsel, and thus cannot claim ignorance of deadlines. Furthermore, on December 27, 2017, the Court issued a minute order advising that "Counsel are STRONGLY encouraged to review the Central District's website for additional information." (ECF No. 4.) The Court intended this admonition to provide fair warning to counsel that they need to be familiar with the Local Rules, which provide the requisite deadlines to oppose motions like the one currently pending before the Court. More than two weeks have passed since the deadline for Plaintiffs to oppose the Motion, but they still have not sought relief from the Court. While there may be less drastic sanctions available, this factor does not weigh heavily in either direction.

On balance, the *Ghazali* factors weigh in favor of granting Defendants' Motion to Dismiss as unopposed. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss. (ECF No. 23.)

## III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion (ECF No. 23), and **DISMISSES** Plaintiffs' action, **with prejudice**.

**IT IS SO ORDERED.**

June 11, 2018

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**OTIS D. WRIGHT, II
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE**