O
Previously JS-6

# United States District Court
# Central District of California

FLORSTAN ZHUR; HELWA HAMAYEL; EYAD HAMAYEL; EMAN HAMAYEL; ATTIA HAMAYEL,

    Plaintiffs,

v.

DONALD NEUFELD, Associate Director for Service Center Operations for United States Citizenship and Immigration Services; LEE CISSNA, Director of United States Citizenship and Immigration Services; ELAIN DUKE, Acting Direction[sic] of the Department of Homeland Security; MIKE POMPEO[1], Secretary of the United States Department of State,

    Defendants.

Case № 2:17-CV-9203-ODW (JC)

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [29]**

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mike Pompeo, Secretary of State, is substituted for former Acting Secretary of State John J. Sullivan.

## I. INTRODUCTION

Presently before the Court is Plaintiffs' Motion for Reconsideration (ECF No. 29.), in which Plaintiffs move for reconsideration of the Court's June 11, 2018, Order granting Defendants' Motion to Dismiss. (ECF No. 26.). Having reviewed the parties' submissions, the Court hereby **DENIES** Plaintiffs' Motion for reasons that follow.

## II. FACTUAL BACKGROUND

Plaintiffs Florstan Zhur, Helwa Hamayel, Eyad Hamayel, Eman Hamayel, and Attia Hamayel ("Plaintiffs") brought a Petition for a Writ of Mandamus and Complaint for Injunctive Relief against Defendants Donald Neufeld, Lee Cissna, Elaine Duke, and Mike Pompeo ("Defendants"), on December 26, 2017. (ECF No. 1.) On May 8, 2018, Defendants filed and served their Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 23.) Pursuant to Local Rules 7-9 and 7-10, Plaintiffs' Opposition was due on May 25, 2018, and any Reply was due on June 4, 2018. Plaintiffs did not file an Opposition to Defendants' Motion to Dismiss, and the Court granted Defendants' Motion on June 11, 2018. (ECF No. 26.) On June 28, 2018, Plaintiffs filed the instant Motion for Reconsideration under Civil Local Rule 7-18. (ECF No. 29.)

## III. LEGAL STANDARD

A motion for reconsideration under Civil Local Rule 7–18 may be made on the following grounds:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
> (b) the emergence of new material facts or a change of law occurring after the time of such decision, or
> (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. Civ. L.R. 7-18; *see In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1031, 1036 (C.D. Cal. 2013). Consistent with Local Rule 7-18, the

Federal Rules of Civil Procedure provide that a motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Fed. R. Civ. P. 59(e); *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003). "Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." *Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007).

## IV. DISCUSSION

Plaintiffs move for Reconsideration under Civil Local Rule 7-18, yet does not address any of the factors necessary to warrant reconsideration under the rule. Plaintiffs frame their argument around counsel's overseas representation of refugees in Djibouti, and explains that failure to file an Opposition was due to the neglect of an associate who was assigned the case before lead counsel traveled overseas. (Mem. in Supp. of Mot. 2; ECF No. 29-1.) Although the Court appreciates Counsel's humanitarian dedication, lead counsel is responsible for all aspects of representation—assigning a case to a junior attorney does not abdicate lead counsel's responsibility to ensure competent representation. Failing to meet a deadline does not satisfy any of the factors under Civ. Local Rule 7-18.

For the sake of completeness, the Court also considers Plaintiffs' Motion in accordance with the Federal Rules. The Court is not convinced that explaining that an associate failed to file an opposition constitutes newly discovered evidence. Moreover, Plaintiffs did not offer evidence suggesting the Court committed clear error or that an intervening change in controlling law exists, and the underlying facts supporting the instant Motion are not highly unusual. Thus, Plaintiffs' argument fails under both the Local and Federal Rules.

///
///
///

3

## V. CONCLUSION

Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 29.) is **DENIED**, and the Clerk is **ORDERED** to close the case.

**IT IS SO ORDERED.**

August 29, 2018

_____
 **OTIS D. WRIGHT, II
 UNITED STATES DISTRICT JUDGE**